# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| STEPHANIE GREGORY, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| V. | |
| WAL-MART ASSOCIATES, INC., d/b/a WAL-MART, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, Stephanie Gregory ("Plaintiff"), by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, and hereby files this Complaint against Defendant Wal-Mart Associates, Inc., d/b/a Wal-Mart ("Wal-Mart" or "Defendant"), stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I-II of this Complaint, which arise under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

2. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 over Counts III-VII of this Complaint because the parties are citizens of different States and the matter in controversy exceeds $75,000.

3. This Court has personal jurisdiction over the parties because a substantial portion of the events described herein occurred within Rutherford County, North Carolina.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. Plaintiff has filed a complaint with the Equal Employment Opportunity Commission ("EEOC") that alleges disability discrimination, religious discrimination, and retaliation. Plaintiff

intends to amend this Complaint to include some or all of these additional claims when the EEOC concludes its investigation.

## II. PARTIES

6. Plaintiff is a citizen of the United States and a resident of Cleveland County, North Carolina.

7. Defendant is incorporated in Delaware and has its principal place of business in Arkansas.

8. Defendant may be served by delivering a copy of the Complaint and Summons to CT Corporation System, located at 160 Mine Lake Ct, Ste 200, Raleigh, NC 27615.

9. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

## III. FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant as a Certified Pharmacy Technician ("CPT") from 2014 until her termination on August 19, 2022.

11. For the first seven (7) years of her employment, she worked for Defendant in Forest City, NC.

12. During that time, she suffered repeated sexual harassment from Mr. Brian Robbins, the Pharmacy Manager, and Mr. Sean Ott, a Pharmacist and Assistant Manager.

13. Mr. Robbins and Mr. Ott are employees of Defendant.

14. Mr. Ott and Mr. Robbins regularly made sexual comments to Plaintiff, such as claiming she "liked to suck young cock."

15. On several occasions, Mr. Ott made sexual advances on Plaintiff, which she rejected.

16. Plaintiff reported this harassment to Defendant's in-store Human Resources department

and to the Store Manager approximately four (4) times, but no action was taken.

17. As a result of the ongoing harassment, Plaintiff sought medical treatment for conditions that include depression, severe anxiety, and trouble sleeping.

18. By July 2021, the harassment became too much for Plaintiff to endure, and her mental health was quickly deteriorating.

19. Plaintiff explained the situation to Mr. Drew Lace, a Pharmacist that floated between the Forest City and Hendersonville Wal-Mart pharmacies, and he suggested that she transfer to Hendersonville.

20. Just days before the transfer was complete, Mr. Ott groped Plaintiff's butt and breasts.

21. When Mr. Ott found out that Plaintiff was transferring due to the sexual harassment, he told her that he "knows" the pharmacists in Hendersonville and said she would lose her job.

22. Plaintiff began working at the Hendersonville pharmacy in August 2021.

23. In August 2021, Plaintiff informed the Pharmacy Manager, Ms. Jenna Brackett, that she had a disability, Premenstrual Dysphoric Disorder (PMDD), for which she took intermittent FMLA.

24. When Plaintiff's symptoms are active, they substantially limit her endocrine, neurological, and musculoskeletal functions.

25. Ms. Brackett regularly assigned Plaintiff for work seven (7) days in a row, something she rarely, if ever, did for other CPT's.

26. Plaintiff told Ms. Brackett that she believed Ms. Brackett assigned her this grueling schedule because "you know it hurts my body."

27. Nonetheless, Ms. Brackett continued with the weeklong shift assignments.

28. Plaintiff is not aware of any other CPT's who had a disabling condition.

29. In July 2022, Plaintiff contracted COVID-19 and took a week off to recover.

30. Even though Defendant's policy states that absences due to COVID do not count as attendance points, Plaintiff ensured her job was protected by requesting FMLA for the days she was absent.

31. Several weeks later, Ms. Brackett informed Plaintiff that she would be terminated for the COVID absences and an alleged absence on July 29.

32. Plaintiff provided Defendant with evidence that she did in fact work on July 29.

33. Plaintiff is aware of multiple employees under Ms. Brackett's supervision who missed work due to COVID and had their absences excused.

34. Plaintiff is not aware of any disabling conditions suffered by any of the employees who missed work due to COVID and were not terminated.

35. Ms. Brackett terminated Plaintiff on August 19, 2022.

## IV. CLAIMS FOR RELIEF

### COUNT I

### FMLA RETALIATION

36. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

37. Plaintiff engaged in protected activity when she took FMLA leave in July 2022.

38. Defendant terminated Plaintiff, which constitutes an adverse action.

39. The temporal proximity between Plaintiff's protected activity and the adverse action is evidenced of causation.

### COUNT II

### FMLA INTERFERENCE

40. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

41. Plaintiff was eligible for FMLA leave and provided notice to Defendant that she needed FMLA leave because she contracted COVID-19.

42. Defendant interfered with her FMLA because it terminated her for absences that should have been protected.

## COUNT III

### WRONGFUL DISCHARGE IN VIOLATION OF NORTH CAROLINA PUBLIC POLICY

43. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

44. Pursuant to N.C. Gen. Stat. § 143-422.2, "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of [...] handicap by employers which regularly employ 15 or more employees."

45. Plaintiff has a disability, PMDD, and Defendant was aware of that disability.

46. Plaintiff was terminated for missing work due to COVID, whereas other non-disabled employees were not terminated despite engaging in this same conduct.

## COUNT IV

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

48. Defendant's agents engaged in extreme and outrageous conduct by repeatedly sexually

harassing Plaintiff.

49. Defendant's agents acted intentionally when sexually harassing Plaintiff.

50. Plaintiff suffered severe emotional distress as a result of the sexual harassment.

51. Defendant was aware of the misconduct perpetrated by its agents and yet took no action to stop it, therefore ratifying their conduct.

## COUNT V

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

53. As Plaintiff's employer, Defendant owed Plaintiff a duty of care to reasonable protect Plaintiff from sexual harassment in the workplace, and to stop ongoing sexual harassment.

54. Defendant breached its duty of care when it became aware of ongoing sexual harassment directed at Plaintiff by its agents and failed to take any action to stop it.

55. As a result of Defendant's breach of duty, Plaintiff suffered severe emotional distress.

## COUNT VI

## NEGLIGENT RETENTION

56. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

57. Defendant had an employer-employee relationship with the individuals responsible for sexually harassment Plaintiff.

58. Defendant had knowledge that the employees in question were unfit to perform their job and posed a risk to Plaintiff.

59. Defendant failed to act to mitigate or eliminate the risk the employees posed to Plaintiff.

60. Defendant's failure to act caused Plaintiff to experience a battery and suffer severe emotional distress.

## COUNT VII

## NEGLIGENT SUPERVISION

61. Plaintiff incorporates by reference paragraphs 1-35 of her Complaint as if fully set forth herein.

62. Defendant had an employer-employee relationship with the individuals responsible for sexually harassment Plaintiff.

63. Defendant had a duty of care to supervise the employees in question and to take reasonable action when it learned that the employees engaged in sexual harassment in the workplace.

64. Defendant breached its duty of care when it became aware of ongoing sexual harassment directed at Plaintiff by its agents and failed to take any action to stop it.

65. As a result of Defendant's breach of duty, Plaintiff experienced a battery and suffered severe emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, liquidated damages, punitive damages, reasonable attorney fees, and costs in accordance with the FMLA and North Carolina Common Law; and

    d. Any other relief this Court deems proper and just.

    Respectfully submitted this 10th day of May, 2023.

    THE KIRBY G. SMITH LAW FIRM, LLC

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 10th day of May, 2023.

THE KIRBY G. SMITH LAW FIRM, LLC


/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308
THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

*Attorney for Plaintiff*